BALCOM v. MANHATTAN ATHLETIC CLUB et al.

(City Court of New York, General Term.   June 20, 1894.)

TRIAL—DIRECTION OF VERDICT.
    Where defendant, on the refusal of the court to dismiss the complaint, is entitled to go to the jury on the defenses set up in his answer, but declines, at the close of plaintiff's case, to offer any evidence, the direction of a verdict for plaintiff is proper.

Action by Samuel B. Balcom against the Manhattan Athletic Club, George W. Carr, Charles C. Hughes, and Walton Storm.   De-

fendants move for a new trial, on exceptions ordered to be heard at general term in the first instance. Denied.

Argued before NEWBURGER and CONLAN, JJ.

Abraham Levy, for plaintiff.

Samuel R. Taylor, for defendants.

CONLAN, J. This is an action to recover upon a promissory note made by the defendant corporation to pay to the order of the plaintiff $889.95, four months after date, October 6, 1892, and indorsed by the defendants. The defendant Storm alone answers, and alleges that the note was made and delivered for the purpose of procuring for the maker thereof a credit with the plaintiff to the amount of the face of the note. In his second defense he says that:

"He indorsed the note in suit solely upon the condition that it should be given and received in full satisfaction of an amount of indebtedness not exceeding the face of said note, which had been theretofore incurred by the maker of said note to plaintiff for goods sold and delivered to the maker of said note prior to the making and delivery."

And then he alleges that the maker delivered the note for the purpose of procuring a further credit with the plaintiff, who accepted the same, and extended further credit to the amount of the face of the note, or nearly that sum, to the maker, and that this use of the note was such a diversion as discharged the defendant Storm from liability thereon. Upon the trial it appeared that the defendant corporation, subsequent to the making of the note, became indebted to the plaintiff in the sum of $1,083.06, and that suit was brought thereon, and the claim thereafter paid in full. This evidence was given on the cross-examination of the plaintiff, in answer to a question put to him by the counsel for the defendant; and upon his redirect he says, "That suit did not represent any portion of the merchandise for which the note was given," but that "it represents goods sold from the 1st of October, 1892, to the 10th of December, 1892," while the note in suit was for goods sold for the months of August and September, 1892, amounting to $889.95, the amount of the promissory note. It is to be borne in mind that the note was dated October 6, 1892, when the indebtedness for $889.95 already existed, and remained unpaid; and that afterwards the new credit was obtained, and permitted to accumulate until it reached the sum of $1,083.06, and in no way corresponded with the amount of the former indebtedness; and that the $1,083.06 was paid after suit was brought. The conclusion, therefore, is irresistible that the note was given and applied to extinguish the former debt for that amount, and had no relation to the subsequent credit of $1,083.06, and which was paid after suit was brought. If the defendant felt himself aggrieved at the close of the testimony by the refusal of the court to dismiss the complaint on his motion, he had the right to go to the jury on the defenses set up in his answer; but to the question put to him by the trial judge, "Have you any evidence to offer?" the answer was as follows: "Under the evidence,

as the case stands, I will not offer any evidence." We think the defendant should have submitted any evidence he might have had to the jury; and, failing to do so, the direction of the court for a verdict in the plaintiff's favor was, we think, proper, and we are not inclined to disturb it. The exceptions taken by the defendant must be overruled, the motion for a new trial denied, and judgment ordered for the plaintiff on the verdict directed by the court, with costs.